# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Ramon Cardoza Desantiago,**<br>Petitioner<br>-vs-<br>**Charles Ryan, et al.,**<br>Respondents | CV-09-1268-PHX-NVW (JRI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2254** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on June 11, 2009 (Doc. 1). On October 30, 2009, Respondents filed their Answer (Doc. 12), asserting a statute of limitations and exhaustion related defenses. Petitioner has not filed a reply.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL

On January 21, 2004, Petitioner entered a plea of guilty to charges of sexual conduct with a minor under 15, and attempted child molestation. (Exhibit A, M.E. 1/21/4) (Exhibits to the Answer, Doc. 12, are referenced herein as "Exhibit ___.") The trial court accepted the plea, and on March 19, 2004 sentenced Petitioner to 25 years in prison on the sexual conduct count, and suspended sentence and imposed a successive 99 year term of probation on the child molestation count. (Exhibit B, Sentence, 3/18/04.)

Petitioner did not file a direct appeal. (Petition, Doc. 1 at 2-3.)

/ /

/ /

**D.  FIRST POST-CONVICTION PROCEEDING**

On May 15, 2007, more than three years after his sentencing, Petitioner filed a Request for Preparation of Post-Conviction Relief Record (Exhibit C). The PCR court denied the request in light of the absence of a pending PCR proceeding. (Exhibit D, M.E. 5/21/07.)

On June 27, 2007, Petitioner filed his PCR Notice (Exhibit E), asserting that his untimely filing was caused by counsel's failure to file an appeal when requested, and arguing that Petitioner was actually innocent.  The PCR court rejected Petitioner's attempt to blame the failure to file a timely PCR notice on counsel, noting Petitioner had signed a notice reflecting that it "was his responsibility to file the notice within the 90-day period." (Exhibit F, M.E. 7/25/07 at 1.)  The PCR court dismissed the Notice as untimely, inasmuch as the claims he asserted could not be raised in an untimely petition under Ariz. R. Crim. P.  32.4.

Petitioner then filed a Motion for Rehearing (Exhibit G), arguing a DNA test should have been performed.  The PCR Court denied the motion, finding that it failed to raise a valid basis for PCR relief.  (Exhibit H, M.E. 9/4/07.)

Petitioner then filed a "Motion in Response" and request for evidentiary hearing (Exhibit I), asserting claims of innocence.  The PCR Court denied the evidentiary hearing and the motion, finding Petitioner failed to assert a cognizable basis for PCR relief.  (Exhibit J, M.E. 12/4/07.)

Petitioner then filed a Petition for Review with the Arizona Court of Appeals (Exhibit K) arguing ineffective assistance of counsel in failing to file an appeal and in failing to obtain a DNA test, and asserting that his sentence was improperly enhanced without jury determined facts in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Arizona Court of Appeals summarily denied review.  (Exhibit L, Order 10/27/08.)

Petitioner then filed a Petition for Review by the Arizona Supreme Court (Exhibit M), which was summarily denied by the Arizona Supreme Court on March 11, 2009 (Exhibit N).

**C.  SECOND POST-CONVICTION PROCEEDING**

On October 22, 2008, while his petition of review on his first PCR was pending with

the Arizona Court of Appeals, Petitioner filed a second Notice of Post-Conviction Relief (Exhibit O) and Petition for Post-Conviction Relief (Exhibit P), asserting newly discovered facts and his actual innocence. The PCR Court identified the petition as "untimely," considered the merits of the claims and summarily dismissed the petition. (Exhibit Q, Order 12/15/08.)

Petitioner has not sought further review.

### D. PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on June 11, 2009 (Doc. 1). Petitioner's Petition asserts four grounds for relief: (1) ineffective assistance of counsel; (2) denials of due process in denying Petitioner transcripts and in acceptance of his plea; (3) denial of due process in denying him DNA testing; and (4) violations of *Apprendi v. New Jersey,* 530 U.S. 466 (2000).

Petitioner argues his Petition should be deemed timely because: (a) *Apprendi* is a change in the law; (b) he is actually innocent; and (c) counsel failed to timely file his PCR action. (Petition, Doc. 1 at 11.)

**Response** - On October 30, 2009 Respondents filed their Answer (Doc. 12). Respondents argue the petition is barred by the statute of limitations and Petitioner has failed to properly exhaust his state remedies.

Petitioner has not replied, and the time to reply has long since run.

### III. APPLICATION OF LAW TO FACTS

### A. TIMELINESS

### 1. One Year Limitations Period

Respondents assert that Petitioner's Petition is untimely. As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to

1  28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts. 28 U.S.C.
2  § 2244(d). Petitions filed beyond the one year limitations period are barred and must be
3  dismissed. 28 U.S.C. § 2244(d)(1).

**2.  Commencement of Limitations Period**

**Conviction Final** - The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For Arizona noncapital pleading defendants, who are not entitled to a direct appeal, the conviction becomes "final" at the conclusion of the first "of-right" post-conviction proceeding under Rule 32. *See Summers v. Schriro*, 481 F.3d 710, 717 (9th Cir. 2007). "To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90 days of conviction and sentencing in that court, notice of his or her intent to file a Petition for Post-Conviction Review. *Summers*, 481 F.3d at 715 (citing Ariz. R.Crim. P. 32.4(a)).

Here, Petitioner never filed his "of-right" post-conviction proceeding. He was sentenced on March 19, 2004. . Thus, his time to file an "of-right" petition expired on June 17, 2004, 90 days after his sentencing.  His first PCR filings occurring in May and June 2007 (Exhibits C, PCR Rec. Req. and E, PCR Notice), more than three years afterwards, and did not qualify as a petition of-right.

Thus, when his time to file his of-right petition expired, Petitioner's judgement became **final on June 17, 2004**, and his one year began to run thereafter.

**Change in the Law** - Petitioner argues that he should be subject to a latter commencement date under §2244(d)(1)(C) because he relies upon the "bright line rule" in *Apprendi* and its related case in *Blakely v. Washington*, 542 U.S. 296 (2004). (Petition, Doc. 1 at 11.) While the finality of the conviction is the normal commencement date for the habeas limitations period, the statute does provide an exception for changes in the law. Petitioner's fourth ground for relief asserts a "significant change in the law" based upon the

decisions in Blakely and Apprendi. Section 2244(d)(1)(C) provides that the period can run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Here, Petitioner's conviction became final on sentencing on June 17, 2004. This was long after the June 26, 2000 decision in *Apprendi* and before the June 24, 2004 decision in *Blakely*. Because it was long after *Apprendi*, Petitioner's reliance on that case does not affect his limitations period. Because it was before *Blakely*, it could serve to provide a later commencement date, but only if Blakely has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).

In *Rees v. Hill*, 286 F.3d 1103 (9th Cir. 2002), the Ninth Circuit concluded that *Apprendi* was not retroactively applicable on habeas review, under the retroactivity standards established by *Teague v. Lane*, 489 U.S. 288, 308-310 (1989) (decisions establishing new rules of criminal procedure are not to be applied retroactively on habeas review, absent certain circumstances). Similarly, in *Cook v. U.S.*, 386 F.3d 949, 950 (9th Cir. 2004), the Ninth Circuit drew upon its decision in *Rees* to conclude that *Blakely* was not retroactively applicable on habeas.

Therefore, Petitioner cannot rely upon *Blakely* to claim a later commencement date under § 2244(d)(1)(C).

### 3. Normal Expiration of Year

Barring any applicable tolling, Petitioner's limitations period would have commenced running on June 18, 2004 and it would have **expired on June 17, 2005**, one year later.

### 4. Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statutory tolling applies during

- 5 -

the entire time during which the application is pending, including interludes between various stages of appeal on the application. The "AEDPA statute of limitations is tolled for 'all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.' " *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (quoting *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir.1999)). *See also Carey v. Saffold,* 536 U.S. 214, 217 (2002).

However, once the habeas statute has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Here, Petitioner's earliest PCR proceeding was commenced at the earliest in May 2007, almost two full years after his habeas limitations period expired. Accordingly, Petitioner is not entitled to any statutory tolling.

### 5.  Timeliness of Federal Habeas Petition

Petitioner's federal habeas petition was filed June 11, 2009. (Doc. 1.) By that date, however, Petitioner's limitations period had been expired for almost 4 years. Thus, Petitioner's habeas petition was untimely.

### 6. Equitable Tolling

Petitioner asserts that he is entitled to equitable tolling of the limitations period because his counsel failed to timely file his Rule 32 PCR petition.. (Petition, Doc. 1 at 11.)

The habeas limitations period in "§ 2244(d) is subject to equitable tolling." *Holland v. Florida*, 560 U.S. ___, 130 S. Ct. 2549, 2562 (2010) However, a petitioner is enttitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562.

To receive equitable tolling, [t]he petitioner must establish two

- 6 -

>elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations omitted). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.' " *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.).

While the standard for establishing entitlement to equitable tolling is high, the standard for an evidentiary hearing on such a claim is not so rigorous. Indeed, a habeas petitioner asserting equitable tolling "should receive an evidentiary hearing when he makes 'a good-faith allegation that would, if true, entitle him to equitable tolling.' " *Roy v. Lampert,* 465 F.3d 964, 969 (9th Cir. 2006) (quoting *Laws v. Lamarque*, 351 F.3d 919, 919 (9th Cir.2003). Moreover, when evaluating a *pro se* habeas petitioner's allegations of such extraordinary circumstances, the court must "construe pro se habeas filings liberally." *Id.* (quoting *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir.2005)).

Although an attorney's behavior can establish the extraordinary circumstances required for equitable tolling, mere negligence or professional malpractice is insufficient. *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir.2001). A "garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline does not warrant equitable tolling.' " *Holland*, 130 S.Ct. at 2564. Rather, the attorney's misconduct must rise to the level of extraordinary circumstances. *Id.*

Here, even construing his Petition liberally, Petitioner fails to allege extraordinary circumstances which kept him from filing his federal habeas petition on time. Petitioner simply alleges counsel failed to timely file a state petition. However, Petitioner makes no argument that trial counsel's failings, if any, with regard to his PCR petition kept him from timely filing his habeas petition.

Petitioner does not suggest, for example, that for the entire year his federal limitations period was running he was operating under the mistaken belief that the state proceeding was

- 7 -

1  ongoing. At best, in his PCR Notice, he argued to the state court that he called counsel once
2  from jail "to make sure he would file his appeal but with no avail since counsel never ever
3  contacted defendant again." (Exhibit E, PCR Not. at 3.) Even assuming that occurred,
4  Petitioner fails to proffer anything to show diligence on his own behalf, e.g. following up
5  with counsel, writing counsel, inquiring with the court, attempting to pursue his rights on his
6  own, or even promptly filing his federal petition once he became aware he had no state
7  petition pending.

8  Even if extraordinary circumstances prevent a petitioner from filing for a time,
9  equitable tolling will not apply if he does not continue to diligently pursue filing afterwards.
10 "If the person seeking equitable tolling has not exercised reasonable diligence in attempting
11 to file after the extraordinary circumstances began, the link of causation between the
12 extraordinary circumstances and the failure to file is broken, and the extraordinary
13 circumstances therefore did not prevent timely filing." *Valverde v. Stinson*, 224 F.3d 129,
14 134 (2nd Cir. 2000).

15 Thus, Petitioner's case is easily distinguished from such cases as *Spitsyn v. Moore,*
16 345 F.3d 796, 801 (9th Cir. 2003) where equitable tolling was allowed because petitioner's
17 habeas counsel was hired almost a year in advance, failed to do anything to prepare the
18 petition or to respond to numerous letters and phone calls, and withheld petitioner's file for
19 over two months after the limitations period expired. And from *Holland*, *supra*, where the
20 Court discussed the potential for a finding of extraordinary circumstances where counsel
21 misinformed petitioner about the filing deadline, failed to communicate the conclusion of
22 state appeals, and failed to communicate with petitioner at all over a period of years, all
23 despite repeated requests by petitioner. 130 S.Ct. at 2564-2565.

24 In sum, Petitioner fails to proffer facts which would show extraordinary circumstances
25 that made it impossible for him to make a timely federal habeas filing. While Petitioner
26 points to counsel's purported failure in the state proceedings, he fails to make allegations that
27 connect that failure to his failure to timely file his federal petition, and fails to explain his
28 lack of diligence in filing his federal petition even once he became aware that his PCR

petition had not been filed. Under these circumstance, the undersigned finds no basis for equitable tolling.

### 7. Actual Innocence

Petitioner argues that his failure to file a timely petition should be excused because he is actually innocent. However, the federal habeas statute of limitations in 28 U.S.C. § 2244(d) "does not include an unenumerated actual innocence gateway." *Lee v. Lampert*, 610 F.3d 1125, 1131 (9th Cir. 2010).

### 8. Conclusion

Petitioner's federal habeas Petition was filed some four years after his limitations period expired and Petitioner fails to show that he is entitled to any statutory tolling or equitable tolling which would render his Petition timely. Therefore, his Petition must be dismissed with prejudice.

## B. EXHAUSTION

Because the undersigned finds Petitioner's habeas petition plainly barred by the statute of limitations, Defendants' exhaustion and related defenses are not addressed.

## IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a

certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. To the extent that Petitioner's claims are rejected on procedural grounds, under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling." Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed June 11, 2009 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability be **DENIED**.

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: October 7, 2010

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\09-1268-001r RR 10 09 30 re HC.wpd